Evelyn **WITKIN, M.D., Petitioner**

v.

**BUREAU OF WORKERS' COMPENSATION FEE REVIEW HEARING OFFICE (State Workers' Insurance Fund), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 1, 2013.

Decided April 17, 2013.

BEFORE: PELLEGRINI, President Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Evelyn Witkin, M.D. (Provider) petitions for review of the June 4, 2012 decision of a hearing officer of the Bureau of Workers' Compensation Fee Review Hearing Office (Bureau) dismissing and denying Fee Review Application No. 281976 on the basis of collateral estoppel.[1] We reverse and remand to the Bureau for a hearing on the merits.

By way of background, section 306(f.1)(1)(i) of the Workers' Compensation Act (Act)[2] requires employers to provide payment for reasonable surgical and medical services rendered by a physician or other health care provider to claimants entitled to workers' compensation. When a provider submits a bill to an insurer for payment, she identifies the code under which treatment is billed. Billing codes under the Act follow the HCFA[3] Common Procedure Coding System and are called Current Procedural Terminology (CPT) codes.[4] 34 Pa.Code § 127.3. If an insurer does not agree with the CPT code submitted by a provider, the insurer can change or "downcode" the charge in compliance with the procedure set forth in 34 Pa.Code § 127.207.

Downcoding occurs when an insurer changes a CPT code submitted by a provider to a CPT code for a procedure of a

---

1. The hearing officer's decision dismissed and denied two of Provider's fee review applications, Nos. 225757 and 281976, but Provider only appealed the dismissal and denial of Fee Review Application No. 281976 to this Court.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(1)(i).

3. HCFA refers to the Health Care Financing Administration. The HCFA is now known as the Centers for Medicare and Medicare Services, or CMS.

4. CPT codes are developed, maintained, and copyrighted by the American Medical Association to help ensure uniformity among medical professionals and the health insurance industry. CPT codes consist of a group of numbers assigned to every task and service a medical practitioner may provide to a patient, including medical, surgical, and diagnostic services.

lesser reimbursement rate. When an insurer downcodes a procedure, the Medical Cost Containment Regulations (Regulations) require the insurer to: (1) supply the provider written notice of the proposed changes and the reasons in support of the changes; (2) give the provider the opportunity to discuss the proposed changes and to support her original coding decision; (3) have sufficient information to make the proposed changes; and (4) make changes that are consistent with the Medicare guidelines and the Act. 34 Pa.Code § 127.207(a). The insurer must also give the provider ten days to respond to the notice of the proposed downcode and state the reasons why the provider's codes were changed in the explanation of benefits.[5] 34 Pa.Code § 127.207(b)-(c). If an insurer changes a provider's code without strict compliance with these requirements, the Bureau must resolve an application for fee review in favor of the provider. 34 Pa. Code. § 127.207(d); *Liberty Mutual Insurance Company v. Bureau of Workers' Compensation (Kepko)*, 37 A.3d 1264 (Pa. Cmwlth.), *appeal denied*, — Pa. —, 53 A.3d 51 (2012) (holding that a provider was entitled to reimbursement for actual charges for Therapeutic Magnetic Resonance (TMR) treatments, rather than downcoded amounts, when the insurer did not strictly comply with the procedure set forth in section 127.207 of the Regulations). The insurer bears the burden of proving that it properly reimbursed the provider. 34 Pa.Code § 127.259(f).

The relevant facts can be summarized as follows. On June 11, 2010, Provider performed TMR treatment on a workers' compensation patient. (Reproduced Record (R.R.) at 17a.) On June 22, 2010, Provider submitted invoices for payment to the State Workers' Insurance Fund (SWIF), for which she billed $3,298.00 per TMR treatment under CPT code 76498. (R.R. at 8a.) On August 16, 2010, SWIF downcoded the procedure to CPT code 97032 and paid Provider $26.24 per TMR treatment. (R.R. at 8a, 13a.) Provider filed two fee review applications to the Bureau, disputing the amount that she was paid. On October 6, 2010, the Medical Fee Review Section of the Bureau held that SWIF properly reimbursed Provider for the TMR treatment she performed on the patient, and Provider appealed the decision. The Bureau assigned the two applications to a hearing officer in a consolidated appeal.

The hearing officer conducted a *de novo* review to determine whether Provider used the proper CPT code when billing for the TMR treatment. Without holding a hearing, the hearing officer issued a decision on June 4, 2012, setting forth the following relevant findings of fact:

2. An administrative determination was rendered that CPT code 97032 is the proper billable CPT code for TMR treatment.

3. The issue in fee review application (sic) # 225757 and # 281976 is identical to the issue of coding for TMR treatment. The issue has been fully litigated and adjudicated by hearing officers following a full and fair process of hearing. The proper CPT coding for TMR treatment has been consistently analyzed and confirmed to be 97032.

4. Upon de novo (sic) review, this [hearing officer] determines that no basis exists in fact or law which entitles [Provider] to a second chance to litigate

---

5. Section 127.209 of the Regulations provides that insurers must supply a written explanation of benefits to the provider, describing the calculation of payment of medical bills submitted by the provider. If payment is based on changes to a provider's codes, the explanation must state the reasons for changing the original codes. 34 Pa.Code § 127.209.

the CPT code for TMR treatment when a final decision has been rendered on the merits of the issue. (R.R. at 4a, Findings of Fact Nos. 2–4.) The hearing officer dismissed and denied the fee review applications, holding that the issue in the fee review applications was identical to an issue that had already been fully adjudicated.

Provider appealed the hearing officer's decision regarding Fee Review Application No. 281976 to this Court[6] on July 10, 2012. By letter dated December 20, 2012, SWIF advised this Court that it did not oppose Provider's request to reverse the hearing officer's decision and remand the matter for a full trial on the merits. The Bureau did not file a brief, stating that it is a disinterested party in the matter.

■ Provider argues that the hearing officer failed to make an actual finding of collateral estoppel[7] and merely stated that the appropriate CPT code issue had already been decided. Provider also argues that the hearing officer erred in dismissing her fee review application because SWIF did not prove that it strictly adhered to the downcoding procedures mandated by section 127.207 of the Regulations. In *Liberty Mutual,* we explained that before the issues of whether the proper CPT code was used and a provider was properly reimbursed are reached, an insurer must first prove strict compliance with section 127.207 and, if an insurer did not strictly comply with the downcoding procedure, the provider will be awarded her actual charges. *Id.* at 1271–72. Furthermore, the question of whether an insurer properly downcoded a provider's bill is always unique to the facts of each case and is not controlled by prior decisions. *Id.* at 1270.

■ Thus, we agree that the hearing officer improperly concluded that Provider's fee review application was barred by collateral estoppel where the hearing officer did not conduct a hearing or address whether SWIF strictly complied with section 127.207 of the Regulations. A prior determination of the proper CPT code for TMR treatment is immaterial until the issue of whether SWIF strictly complied with the Regulations is decided. Moreover, a prior determination of the proper CPT code for TMR treatment is not dispositive of this case. The hearing officer's reliance on prior hearing officer determinations that the proper CPT coding for TMR treatment is 97032 to determine that Provider is collaterally estopped from re-litigating the issue is misplaced. These prior determinations are not binding on this Court or, in fact, the administrative agency. *Liberty Mutual,* 37 A.3d at 1270 n. 13. A hearing must be held to determine whether SWIF strictly complied with

---

6. Our scope of review in fee review application appeals is limited to determining whether the hearing officer's findings are supported by substantial evidence and whether the hearing officer erred or violated constitutional rights. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Roman Catholic Diocese of Allentown v. Bureau of Workers' Compensation Fee Review Hearing Office (Lehigh Valley Health Network),* 33 A.3d 691 (Pa. Cmwlth.2011).

7. Collateral estoppel bars re-litigation of an issue of fact or law that has been previously decided. Collateral estoppel applies if: (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment. *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh,* 522 Pa. 44, 559 A.2d 896 (1989).

section 127.207 of the Regulations and whether the proper CPT code was used.

Accordingly, we reverse and remand to the Bureau to conduct a full hearing on the merits.

### ORDER

AND NOW, this 17th day of April, 2013, the June 4, 2012 order of the Bureau of Workers' Compensation Fee Review Hearing Office is reversed and this matter is remanded to the Bureau of Workers' Compensation for a hearing in accordance with 34 Pa.Code §127.259.

Jurisdiction relinquished.